UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER THOMPSON,

    Plaintiff,

v.                                              CASE NO: 8:11-cv-179-T-26TBM

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

    Plaintiff, proceeding *pro se*, has filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255, accompanied by a supporting memorandum of law. The Court has undertaken a prompt preliminary review of the motion and memorandum, together with the record of the prior criminal proceedings,[1] as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without the need for a response from Defendant or an evidentiary hearing because it plainly appears from the face of the motion and memorandum and the underlying criminal proceedings that Plaintiff is entitled to no relief.

    A federal grand jury indicted Plaintiff in count two of a two-count indictment for the offense of conspiracy to possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana.[2] Plaintiff pleaded guilty to the offense

---

    [1]  See case number 8:09-cr-330-T-26TBM.

    [2]  See id., docket 5.

without the benefit of a plea agreement with Defendant.³ The Court later sentenced him to a sentence of seventy months of imprisonment followed by three years of supervised release, a sentence which represented a low-end advisory guideline sentence of imprisonment.⁴ Plaintiff's direct appeal to the Eleventh Circuit Court of Appeals resulted in an affirmance of his sentence.⁵ He now seeks relief under the auspices of § 2255, raising four grounds in support of such relief, all of which have as their focus ineffective assistance of trial counsel.

Plaintiff's claims of ineffective assistance of counsel are measured against the standards promulgated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As recently explained by the Eleventh Circuit, Strickland requires that "[t]o establish ineffective assistance of counsel, a petitioner must show both incompetence and prejudice: (1) he must show that 'counsel's representation fell below an objective standard of reasonableness,' and (2) he must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" Kokal v. Secretary, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citing and quoting Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052). Under these standards, however, "a court may resolve whether the petitioner established prejudice as a result of counsel's errors without first considering the adequacy of his counsel's performance." Kokal, 623 F.3d at 1344-45. Measured

---

³ See id., docket 60.

⁴ See id., dockets 83 and 97.

⁵ See id., docket 104; see also United States v. Thompson, 2010 WL 3401822 (11th Cir. 2010) (unpublished).

against the principles of Strickland, the Court, as will be explained, determines that Plaintiff has failed to establish prejudice by his counsel's alleged inadequacy of representation.

Plaintiff first contends that his trial counsel was ineffective in failing to advise him to plead guilty with a plea agreement that provided for the filing of a motion for downward departure based on substantial assistance under either U.S.S.G. § 5K1.1 or Rule 35 of the Rules of Federal Criminal Procedure. The result, he argues, caused a sentencing disparity between the sentence meted out to him and the sentences imposed on two of his co-defendants. The problem with Plaintiff's argument is that he utterly fails to show, as required by Strickland, that he was prejudiced by not pleading guilty with the benefit of a plea agreement providing for the potential of a motion for downward departure based on substantial assistance. That is, Plaintiff has not demonstrated that there was a reasonable probability that he would have received the benefit of a motion for downward departure based on substantial assistance such that any assistance he may have rendered to the Government would have qualified as substantial assistance under the Government's guidelines. His contentions in that regard are only speculative at best. Thus, Plaintiff is entitled to no relief under ground one.

Plaintiff's second ground for relief has at its focus counsel's failure to file objections to the probation officer's recommended factual findings and guideline calculations. Plaintiff specifically contends in that regard that his counsel should have objected to the advisory guideline recommendation on the basis that the length of the recommended sentence violated due process of law because it was ultimately determined by the Government manipulating the quantity of marijuana involved in the offense. As with Plaintiff's first ground, he has again failed to show prejudice by counsel's omission.

Although the Eleventh Circuit has never explicitly accepted or rejected the concept of sentencing factor manipulation on the part of the Government as a basis for a downward departure, see United States v. Nelson, 155 Fed.Appx. 509 (11th Cir. 2005) (unpublished), it has observed that "there is nothing wrong with the government attempting to strengthen its case for conviction." United States v. Govan, 293 F.3d 1248, 1251 (11th Cir. 2002).  Thus, the Eleventh Circuit has rejected claims of manipulative conduct on the part of the Government with regard to a reverse-sting operation in which the defendants agreed to break into a house to steal a large quantity of drugs and with respect to a factual scenario in which the Government continued to purchase small quantities of cocaine on four separate occasions, thereby aggregating the quantity for sentencing purposes, instead of arresting the defendant after the first purchase.  Id.; United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir. 1998).  In Plaintiff's case, even if the quantity of marijuana was driven by the Government as he contends, as in Sanchez, "[t]he fact that the government's fictitious reverse sting operation involved a large quantity of drugs does not amount to the type of manipulative governmental conduct warranting a downward departure in sentencing."  138 F.2d at 1414.  Consequently, even had counsel lodged an objection to the probation officer's recommended factual findings and guideline calculations in an effort to secure a downward departure for Plaintiff based on the Government manipulating the amount of marijuana involved, such an objection would have been overruled under Govan, Nelson, and Sanchez.

Plaintiff next alleges as a third ground for relief that he was deprived of a downward departure for his exceptional remorse because of counsel's failure to sufficiently pursue such a position.  He specifically contends that "counsel failed to present letters from family members,

especially letters from petitioner's parents to the court." In advancing this contention, Plaintiff has clearly made a false statement under oath to the Court. As the record indisputably reflects, counsel did furnish letters of support from Plaintiff's family and friends, including his father,[6] letters which the Court took into account when determining a reasonable sentence. The record also reflects that counsel filed an extensive sentencing memorandum in which he suggested that a sentence of three years followed by five years of supervised release would be an appropriate sentence after taking into full account the sentencing factors embodied in 18 U.S.C. § 3553(a)(1-7).[7] At sentencing, counsel expounded at great length as to why such a sentence was justified as a downward variance from the advisory guideline range.[8] Thus, Plaintiff is entitled to no relief on this claim because the record conclusively demonstrates that he was not denied the effective assistance of counsel. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (reiterating that a district court need not conduct an evidentiary hearing if it can be conclusively demonstrated from the record that petitioner was not denied the effective assistance of counsel) (citing and quoting Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982)).

In his fourth and final ground for relief, Plaintiff assails counsel's effectiveness by accusing him of failing to properly argue his status as a deportable alien. As a consequence, Plaintiff claims he was deprived of the opportunity for a downward departure and is now subject to harsher confinement within the Bureau of Prisons, as well as being ineligible for reentry programming, including pre-release placement for up to the final year of his sentence. Again,

---

[6] See id., dockets 80 and 81.

[7] See id., docket 80.

[8] See id., docket 97, pages 16-25.

Plaintiff has failed to demonstrate prejudice. Even had counsel more vigorously argued Plaintiff's deportable alien status, Eleventh Circuit precedent would have prohibited a downward departure. See United States v. Telles-Milton, 347 Fed.Appx. 522, 525 (11th Cir. 2009) (observing again that under Eleventh Circuit precedent the fact that a defendant's alien status renders him ineligible to serve any part of his sentence at a medium security prison or at a halfway house does not justify a downward departure and that the Court was unaware of any case in which it upheld a downward departure based on collateral consequences related directly or indirectly to the defendant's alien status) (citing and quoting United States v. Maung, 320 F.3d 1305, 1308-09 (11th Cir. 2003)).

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiff's Motion to vacate (Dkt. 1) is summarily dismissed.

2) The Clerk is directed to enter judgment for Defendant and to close this case.

3) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

**DONE AND ORDERED** at Tampa, Florida, on January 28, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record and Plaintiff, *pro se*